UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE HERRERA,<br><br>                    Plaintiff,<br><br>     v.<br><br>U.S. BANK NATIONAL ASSOCIATION; BAC HOME LOANS SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; RECONTRUST COMPANY, NATIONAL ASSOCIATION,<br><br>                    Defendants. | CASE NO. 14cv0134 JM(BLM)<br><br>**ORDER GRANTING MOTION TO DISMISS; PERMITTING PLAINTIFF TO FILE MOTION TO AMEND** |

Pursuant to Fed.R.Civ.P. 12(b)(6), Defendants U.S. Bank National Association, as Trustee on behalf of CSAB Mortgage-Backed Pass-Through Certificates, Series 2006-2 ("USB"); Bank of America, N.A. (erroneously sued as BAC Home Loans Servicing, L.P.) ("BAC"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Recontrust Company, N.A. ("Recontrust") move to dismiss all claims asserted in Plaintiff Rene Herrera's complaint. Plaintiff opposes the motion. Pursuant to Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the court grants the motion to dismiss the Fair Debt Collection Practices Act claim, declines to address the state law claims, and grants Plaintiff an opportunity to file a motion for leave to amend.

# BACKGROUND

On December 4, 2013, in the Superior Court for the County of San Diego, Plaintiff commenced an action alleging eight claims for relief: (1) declaratory relief; (2) negligence; (3) quasi contract; (4) violation of 15 U.S.C. §1692; (5) violation of Cal. Bus. and Prof. Code §17200; (6) accounting; (7) cancellation of instruments; and (8) quiet title. On January 17, 2014, Defendants removed the action from state court by asserting federal question jurisdiction based upon the Fair Debt Collection Practices Act ("FDCPA") claim, 15 U.S.C. §1692, and supplemental jurisdiction over the state law causes of action pursuant to 28 U.S.C. §1367(a).

On June 23, 2006, Plaintiff executed a Note and Trust Deed in favor of Greenpoint Mortgage Funding Inc. ("Greenpoint") in the amount of $412,500 to purchase residential property located in Encinitas, California. (Compl. ¶34). MERS was named on the Deed of Trust as the "nominee" and "beneficiary" and Martin Conveyancing Corp. as the trustee. Id. Plaintiff alleges that there are no recorded assignments of the Note or Trust Deed. (Id. ¶35, 36).

On August 4, 2011, Recontrust, "purporting to act as 'agent for the Beneficiary' caused to be recorded a 'Notice of Default' purporting to name U.S. Bank, as Trustee for the Certificate holders of CSAB Mortgage-Backed Pass-Through Certificates, Series 2006-03." (Compl. ¶37). Recontrust was not identified as an authorized agent under the Note and Deed of Trust. (Compl. ¶38). Similarly, Plaintiff alleges that USB was not the 'Beneficiary" of the Deed of Trust. (Compl. ¶39).

In broad brush, Plaintiff sets forth a securitization theory of liability. Plaintiff alleges that his loan was bundled into mortgage backed securities and then sold to investors in the form of certificates. (Compl. ¶18). Plaintiff seeks to establish that Defendants USB and BAC "were not his true creditors and as such have no contractual right to legal, equitable, or pecuniary interests in the debt obligation secured by the real property that is the subject of these proceedings." (Oppo. at p.1:4-8). Plaintiff also alleges that the lack of a written recorded assignment of the original Note to USB

somehow renders the Note and Deed of Trust unassigned.  (Compl. ¶¶ 49, 50).

**DISCUSSION**

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678.  Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  The defect must appear on the face of the complaint itself.  Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996).  Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).  However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion.  In

Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

THE FDCPA Claim

Congress passed the FDCPA to protect consumers from debt collectors' abusive debt collection practices. Baker v. G. C. Services Corp., 677 F2d 775 (9th Cir. 1982). The FDCPA prohibits harassing or deceptive conduct in the collection of a debt. 15 U.S.C. §§ 1692d, 1692e.  Congress enacted the FDCPA after finding "abundant evidence of the use of abusive, deceptive, and unfair debt practices by many debt collectors." Id. § 1692(a). The FDCPA states, in part, that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Id. § 1692f. A debt collector may not collect from a consumer "any amount (including interest, fee, charge, or expense incidental to the principal) unless such amount is expressly authorized by the agreement creating the debt or permitted by the law." Id.

"To be held liable for violation of the FDCPA, a defendant must - as a threshold requirement - fall within the Act's definition of 'debt collector.'" Izenberg v. ETS Servs., LLC, 589 F.Supp.2d 1193, 1198 (C.D. Cal.2008) (citing Heintz v. Jenkins, 514 U.S. 291, 294 (1995)). The FDCPA defines a "debt collector" as "a person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a.  The definition explicitly excludes creditors, as well as loan originators or assignees, who obtained the right to collect on loan when the loan was not in default. See 15 U.S.C. § 1692a(4), § 1692a(6) (A)-(B), § 1692a(ii)-(iii). "The law is well-settled that creditors, mortgagors (sic), and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." Aguirre v. Cal–Western Reconveyance Corp., No. CV–11–6911, 2012 WL 273753, at *7 (C.D.Cal. Jan.30, 2012) (quotation omitted). Similarly, "foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." Izenberg, 589 F.Supp.2d at 1199 (quotation omitted); see also Reed

v. Wells Fargo Home Mortg. Inc., No. 10–2133, 2010 WL 5136196, at *7 (E.D. Cal. Dec.10, 2010) ("The activity of foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA ....") (quotation omitted).

Here, the FDCPA claim fails on many levels. First, Plaintiff does not identify which of the FDCPA provisions were allegedly violated by Defendants. Second, Plaintiff fails to plausibly allege that Defendants are "debt collectors" for purposes of the FDCPA. Third, even a general allegation that Defendants are "debt collectors" fails to state a claim because mortgagees and mortgage servicing companies are not debt collectors for purposes of the FDCPA. See Scott v. Wells Fargo Home Mortg., 326 F.Supp.2d 709, 718 (2003) ("[T]he law is well-settled ... that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA.").

In light of the well-established authorities cited herein and Plaintiff's failure to present any legal argument in opposition to Defendants' authorities, the court grants the motion to dismiss this claim. While Plaintiff requests leave to amend, the court notes that Plaintiff fails to identify any basis under which Plaintiff may state a FDCPA claim. Consequently, the court grants the motion to dismiss the FDCPA claim without prejudice and permits Plaintiff an opportunity to file a motion to amend. In the event Plaintiff desires to pursue the FDCPA claim, he must file and serve a motion for leave to amend, with the proposed amended complaint attached as an exhibit to the motion, within 20 days of entry of this order.[1]

Finally, the court informs the parties that Plaintiff's failure to state a valid FDCPA claim in an amended complaint will result in the court declining to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. §1367(c) and remanding the action to state court.

---

[1] In the event Plaintiff does not contact chambers (as required by Local Rule 7.1(b)) to schedule a hearing date on motion to amend within 20 days after entry of this order, the court, without further notice, will dismiss the FDCPA claim with prejudice and remand the action to state court.

In sum, the court grants the motion to dismiss the FDCPA claim, declines to address the state law claims until Plaintiff states a valid federal claim, and permits Plaintiff an opportunity to file a motion to amend to state a valid FDCPA claim.

**IT IS SO ORDERED.**

DATED: May 5, 2014

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties